IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Chondrite REO, LLC,

    Plaintiff/Counter Defendant

v.

JT Real Estate Holdings, Inc., et al.,

    Defendant/Counter Plaintiff

Jim Burnett,

    Movant.
_____/

Case No. 1:18-cv-00062

Michael L. Brown
United States District Judge

## ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 5).

Before the Court is the Magistrate Judge Report and Recommendation ("R&R"). (Dkt. 5). Jim Burnett removed this action from state court to federal court. (Dkt. 1). The Magistrate Judge reviewed that removal and issued the R&R recommending that the Court remand this action to the State Court of Dekalb County, Georgia, for lack of subject matter jurisdiction. Jim Burnett then filed objections ("Objections") to the R&R. (Dkt. 7).

I. <u>Legal Standard.</u>

"[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The district court may remand a case sua sponte for lack of subject matter jurisdiction at any time." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Where no party files objections to the R&R, the Court conducts a review of the record for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curium). But where, as here, a party has objected to the R&R, a district judge "shall make a de novo determination of those portions of the report or specified proposed findings of recommendations to which an objection is made." 28 U.S.C. § 636(b)(1).

After a careful and complete *de novo* review of the record, the Court agrees with the Magistrate Judge's recommendation that the action

should be remanded to the State Court of Dekalb County, Georgia for lack of subject matter jurisdiction.

II.     Discussion.

Defendant attempts to remove this dispossessory action from the State Court of Dekalb County to federal court.  The federal district court has original jurisdiction under § 1441 if there is diversity jurisdiction or federal question jurisdiction.  The Court has conducted a *de novo* review of the record and has determined, consistent with the thorough and well-reasoned R&R, that Plaintiff may not remove this case based on diversity jurisdiction or federal question jurisdiction.

Under 28 U.S.C. § 1332, district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between citizens of different states.  28 U.S.C. § 1332(a).  But in a removal action, 28 U.S.C. § 1441(b) bars removal on the basis of diversity "if any party in interest properly joined and served as a defendant is a citizen of the State in which the action is brought." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005) (punctuation omitted); *accord Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  A

simple search of the Georgia Secretary of State website shows that at least one defendant, JT Real Estate Holdings, Inc., is a citizen of Georgia. *See* Ga. Sec'y of State, Georgia Corporations Division. Thus, the case brought against the defendant in a Georgia state court cannot be removed to the Northern District of Georgia. Further, this case does not satisfy the amount-in-controversy requirement of diversity jurisdiction. Burnett claims in both the Complaint (Dkt. 1 at 2) and in his Objections (Dkt. 7 at 5) that more than $75,000 is at issue in this case, yet he provides no factual allegations to support that statement. This does not satisfy the burden to show by a preponderance of the evidence that the amount in controversy element of diversity jurisdiction can be satisfied. *See Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) (quoting *Kirkland v. Midland Mortgage Co.,* 243 F.3d 1277 (11th Cir.2001)).

Burnett also fails to show that this action is removable based on federal question jurisdiction. To be removable on the basis of federal question jurisdiction, the action must be founded on a claim or right arising under federal law, and the action must be one of which the district court has original jurisdiction, meaning it "originally could have

been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Dial v. Healthspring of Ala., Inc.*, 541 F.3d 1044, 1047 (11th Cir. 2008); *see also* 28 U.S.C. §§ 1331, 1441(a).

Burnett's notice of removal states vaguely that the complaint presents a federal question such that removal is appropriate under that theory (Dkt. 1 at 2), but there is no indication that the underlying case is anything but a state dispossessory action containing no federal claim. *See generally* Dkt. 1. Removal based on federal question jurisdiction under 28 U.S.C. § 1331 is, therefore, improper. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim")). The fact that Burnett raises in his Objections certain defenses or counterclaims based on alleged violations of the U.S. Constitution does not alter this conclusion. Potential defenses or counterclaims do not provide a basis for removal. *See Anderson*, 529 U.S. at 6; *Williams*, 482 U.S. at 392.

Because the Court lacks subject matter jurisdiction, and because the Court has conducted its own review and agrees with those findings and conclusions reached in the R&R, it must remand the action to the

State Court of Dekalb County. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R and all pending motions in this case are hereby **DENIED AS MOOT**. The action shall be **REMANDED** to the State Court of Dekalb County, Georgia.

**IT IS SO ORDERED.**

Dated: February 15, 2018
Atlanta, Georgia

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE